539 P.2d 913

The STATE of Arizona, Appellee,

v.

Manuel Contreras URRUTIA, Appellant.

No. 2 CA–CR 580.

Court of Appeals of Arizona,
Division 2.

Sept. 12, 1975.

Rehearing Denied Oct. 22, 1975.

Review Denied Nov. 25, 1975.

Bruce E. Babbitt, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was indicted for possession of a narcotic drug for sale and unlawful possession of marijuana. After the matter was submitted on the testimony presented to the grand jury and at the hearing on the motion to suppress, appellant was found guilty on both counts. He was sentenced to serve not less than ten nor more than fifteen years on the charge of possession of a narcotic drug for sale and not less than nine nor more than ten years on the possession of marijuana charge.

Appellant claims that the court erred in denying his motion to suppress and in denying his motion to quash the grand jury indictment.

█ He contends that the affidavit supporting the search warrant did not set forth facts sufficient to justify the reliability of the informant and that there were not sufficient underlying facts to warrant a finding of probable cause to issue the search warrant. We find the issue of reliability to be resolved in the state's favor by the affiant's testimony concerning a controlled buy which was conducted within 72 hours prior to the issuance of the warrant.

This controlled buy, according to the affidavit, was observed by the affiant. According to him, his confidential informant informed the narcotics agents that appellant was going to leave the location which the police then had under surveillance and was going to another location to secure a quantity of heroin and return to the location under surveillance. A short time after this information was relayed to the affiant appellant was observed leaving that location. He was followed by the agents to 1426 Hualapai where he exited his vehicle, checked up and down the street and then proceeded to 1455 Hualapai on foot. He remained at the latter address for approximately ten minutes then walked to 1426 Hualapai, his residence. A short time later appellant was observed leaving his residence and was followed back to the location under surveillance. He was then observed going directly back ‹to meet the informant at a pre-arranged delivery point where he delivered a quantity of heroin to the informer.

The justice of the peace issued search warrants for both 1455 and 1426 Hualapai. When the search was made by the agents of 1426 Hualapai pursuant to the search warrant, the narcotics were discovered. It is appellant's contention that the issuance of the two warrants was in effect a general warrant and that there was no probable cause to believe the narcotics were in appellant's residence of 1426 Hualapai. We do not agree. In our opinion, the affidavit recites sufficient facts to support a conclusion of probable cause that narcotics were located in either one or both of the two addresses. See *Porter v. United States,* 335 F.2d 602, 605 (9th Cir. 1964), cert. denied 379 U.S. 983, 85 S.Ct. 695, 13 L.Ed.2d 574 (1965).

█ Appellant claims that the court erred in denying his motion to quash the indictment of the grand jury since the records fail to demonstrate that prior to the presentment of appellant's case to the grand jury, the court failed to voir dire the grand jurors to determine whether any were disqualified under Rule 12.2 of the Arizona Rules of Criminal Procedure. This rule provides that the following persons are disqualified from serving as grand jurors in any particular action: (1) witnesses in the action; (2) persons interested directly or indirectly in the matter under investigation; (3) persons related by consanguinity or affinity within the fourth degree to either of the parties to the action or proceedings, and (4) persons biased or prejudiced in favor of either the state or the defendant.

The record shows that when the grand jurors were summoned and impaneled in this case, they were voir dired by Judge Ben C. Birdsall, the presiding judge, who complied completely with Rule 12.1 of the Rules of Criminal Procedure and instructed them, inter alia, of their duty to disqualify themselves in a particular matter for any of the reasons enumerated in Rule 12.2. Furthermore, when appellant's case was presented to the grand jury, the foreman informed the rest of the jurors of the name of the defendant, the charge, and the names of the witnesses, and asked if any of the jurors on the panel knew either the accused, the witnesses or anything about the case. There was no response from any of the jurors to these questions.

█ It is apparently the contention of appellant that prior to the presentation of

each case to the grand jury the court must voir dire the jurors on the grounds for disqualification set forth in Rule 12.2. Appellant is unable to point to any such requirements in the rules and we perceive none.

Affirmed.

KRUCKER and HATHAWAY, JJ., concurring.